**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TOMMY DEWAYNE LAY,**

**Plaintiff,**

-vs-                                          Case No.  6:11-cv-1545-Orl-31KRS

**COCOA POLICE DEPARTMENT,**
**MAGISTRATE VIOLET BROWN,**

**Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)** |
| **FILED:** | **September 21, 2011** |

**I.      PROCEDURAL HISTORY.**

Plaintiff Tommy Dewayne Lay, appearing on his own behalf, filed his original complaint in this case against the following defendants: Coco (sic) Police Department and Magistrate Violet Brown. Doc. No. 1.  In the complaint, Lay alleges violation of 18 U.S.C. §§ 241, 242, violation of his due process rights, false arrest and intentional infliction of intentional distress.  These charges arise from Lay's arrest in conjunction with dealings with Lay's ex-wife.  Lay seeks $100,000.00 in damages.

## II.      STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Nieves' complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).  "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).  Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it.  *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under § 1915(e)(2)(B). *Mitchell*, 112 F.3d at 1490.  Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "In evaluating the sufficiency of a complaint under

Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. 8(a)).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

In addition, it is well established that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[P]ro se litigant[s] must still meet minimal pleading standards.").

### III.    ANALYSIS.

Lay seeks to recover under 18 U.S.C. §§ 241 and 242.  However, those statutes are criminal statutes which do not provide a private right of action.  *Paletti v. Yellow Jacket Marina, Inc*., 395 F.App'x 549, 552 n.3 (11th Cir. 2010).

Lay's complaint fails to set out his causes of action clearly or indicate against whom each count is brought.  He fails to allege facts which support each count.  Accordingly, it is appropriate to require Lay to file an amended complaint before reaching the merits of his petition to *proceed in forma pauperis*.

Assuming that Lay intends to allege a violation of his civil rights under 42 U.S.C. § 1983, in his amended complaint Lay must state the specific Constitutional right, federal law or treaty that each defendant allegedly violated. He must allege facts showing how each defendant deprived him of that federal right while "acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Further, Lay should clearly describe how each named defendant is involved in the alleged violations in the body of the complaint. Lay should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979).

Although personal participation is not specifically required for liability under § 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of a plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such

deprivation. Finally, Lay must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Accordingly, I recommend that the Court **DISMISS** the case without prejudice and allow Lay to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint.  I further recommend that the Court advise Lay that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2011.

*Karla R. Spaulding*
_____
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy